**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| MICHAEL C. DEMARQUIS | § | |
| | § | |
| v. | § | 1:20-CV-00634-LY |
| | § | |
| ALORICA, INC. | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
       UNITED STATES DISTRICT JUDGE

Before the Court are Defendant Alorica, Inc.'s Motion to Dismiss Plaintiff's Amended Complaint (Dkt. No. 16), Plaintiff's Response (Dkt. No. 19), and Defendant's Reply (Dkt. No. 20). The district judge referred the motion to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 1(c) of Appendix C of the Local Rules.

**I. BACKGROUND**

This suit arises out of a debt collection dispute between Plaintiff Michael C. DeMarquis and Defendant Alorica, Inc. In his Amended Complaint, DeMarquis alleges that Alorica was hired by Credit One Bank, N.A., to collect on an overdue credit card debt. Dkt. No. 11 at ¶¶ 15-27. DeMarquis alleges that beginning on or before September 16, 2019, he began receiving multiple collection calls from a caller purporting to be Credit One attempting to collect on the debt, and that despite his requests to stop, the collection calls persisted. *Id.* at ¶¶ 21-28. On October 28, 2019, DeMarquis initiated arbitration with Credit One alleging violations of federal and state law in relation to the collection calls. *Id.* at ¶ 24. During the arbitration proceedings, Credit One informed DeMarquis that Alorica placed the complained of calls on its behalf. *Id.* at ¶ 25. On July 14, 2020,

the Arbitrator entered final judgment in favor of Credit One, dismissing DeMarquis's claims with prejudice. Dkt. No. 16-1.

On June 18, 2020, DeMarquis filed suit against Alorica for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*., ("FDCPA") and the Texas Debt Collection Act ("TDCA") related to the collection calls. Dkt. No. 1. In the instant motion, Alorica seeks to dismiss the claims against it based on collateral estoppel and failure to state a claim, arguing that: (a) the Arbitrator's Order precludes DeMarquis's TDCA claim, and (b) DeMarquis's Amended Complaint fails to plead factual allegations sufficient to support his FDCPA and TDCA claims. Dkt. No. 16.

## II. LEGAL STANDARDS

Rule 12(b)(6) allows a party to move to dismiss an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the [nonmovant]." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted), *cert. denied*, 552 U.S. 1182 (2008). While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations in order to avoid dismissal, the plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Supreme Court has explained that a court need not accept as true conclusory allegations or allegations stating a legal conclusion. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must contain sufficient facts "to state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Id.* When

considering a motion to dismiss, the court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint. *See Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

### III. ANALYSIS

A.  **Collateral Estoppel**

Alorica first argues that DeMarquis's TDCA claim is precluded by collateral estoppel based on the Arbitrator's Order and the dismissal of his TDCA claim against Credit One. Dkt. No. 16 at 4-7. The doctrine of collateral estoppel serves two purposes: (1) it protects litigants from having to litigate an identical issue with the same party or its privy, and (2) it promotes judicial economy by precluding unnecessary litigations. *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979). A party asserting collateral estoppel has the burden of proving that: "(1) the issue at stake is identical to the one involved in the earlier action; (2) the issue was actually litigated in the prior action; and (3) the determination of the issue in the prior action was a necessary part of the judgment in that action." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 572 (5th Cir. 2005). Complete identity of the parties in the two actions is not required. *Robin Singh Educational Services Inc. v. Excel Test prep Inc.*, 274 Fed. Appx. 399, 404 (5th Cir. 2008). "Defensive use of collateral estoppel occurs when a defendant seeks to prevent a plaintiff from relitigating an issue which the plaintiff has previously litigated unsuccessfully in another action against the same or a different party." *U.S. v. Mendoza*, 464 U.S. 154, 159 n. 4 (1984). A court has broad discretion over whether to give preclusive effect to an arbitration award pursuant to the doctrine of collateral estoppel. *Grimes v. BNSF Ry. Co.*, 746 F.3d 184, 188 (5th Cir. 2014).

In the instant case, Alorica asserts that defensive collateral estoppel applies to DeMarquis's TDCA claim because: (1) DeMarquis alleges the same TDCA claim against Alorica as he asserted against Credit One during arbitration, (2) the Arbitrator considered the merits of that issue, and (3) the Arbitrator's decision on the TDCA claim was a necessary part of the final Arbitration Order. Dkt. No. 16 at 6-7. In response, DeMarquis argues that collateral estoppel does not apply because the Arbitrator only considered the merits of his TDCA claim against Credit One, ultimately disposing of the issue based on a choice of law provision in the agreement between DeMarquis and Credit One. Dkt. No. 19 at 3-4. Because Alorica was not a party to that agreement, DeMarquis asserts that Alorica cannot invoke the choice of law provision and thus the issue at stake is not the same issue ruled upon by the Arbitrator. *Id.* The Court agrees. Because Alorica has failed to establish that the issue at stake is identical to the one previously litigated during the arbitration, collateral estoppel does not preclude DeMarquis's TDCA claim.

**B.      Failure to State a Claim**

Alorica's motion next asserts that DeMarquis's Amended Complaint fails to state a claim against it. DeMarquis's Amended Complaint alleges claims against Alorica under the FDCPA and TDCA. *See* Dkt. No. 11. Alorica argues each of these claims should dismissed because DeMarquis has failed to plead the facts necessary to establish it is a debt collector subject to either Act. The Court agrees.

Under the FDCPA, a "debt collector" refers to "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6); *see Williams v. Countrywide Home*

*Loans, Inc.*, 504 F. Supp. 2d 176, 190 (S.D. Tex. July 18, 2007).  The TDCA defines a "debt collector" to include any person or entity who directly or indirectly engages in any action, conduct or practice in collecting, or in soliciting for collection, consumer debts due a creditor. TEX. FIN. CODE ANN. § 392.001(5)-(6) (Vernon 2006); *see McCormick v. 7-11, Inc.*, 2008 WL 11424230, at *2 (N.D. Tex. Sept. 29, 2008).

Alorica is correct that DeMarquis has not adequately alleged facts that could show that Alorica is a debt collector for the purposes of the FDCPA or TDCA.  DeMarquis's Amended Complaint contains only conclusory allegations that "Defendant is a 'debt collector' as defined by 15 U.S.C. 1692a(6)," that "Defendant uses instrumentalities of interstate commerce and the mail in its business – the principal purpose of which is the collection of debt owed or due or asserted to be owed or due another," and that "Defendant is a 'debt collector' as defined by Tex. Fin. Code Ann. § 392.001(6) as it directly or indirectly engages in debt collection." Dkt. No. 11 at ¶¶ 10-12.  As discussed above, to withstand a Rule 12(b)(6) motion, a "complaint must allege 'more than labels and conclusions,'" and "a formulaic recitation of the elements of a cause of action will not do." *Norris v. Hearst Tr.*, 500 F.3d 454, 464 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.  DeMarquis's unsupported allegations that Alorica qualifies as a debt collector under the FDCPA and TDCA are conclusory and insufficient under Rule 12(b)(6). *See Busby v. Vacation Resorts Int'l*, 2019 WL 669641 (S.D. Tex. Feb. 19, 2019) (dismissing FDCPA and TDCA claim where plaintiff only made conclusory allegation that defendant was a debt collector, with no supporting factual allegations).  As such, the Court recommends Alorica's motion to dismiss be granted.

### C.     Leave to Amend

When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend the complaint before dismissing the claim with prejudice. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir.2002). Granting leave is not required when "it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *Id.* The Fifth Circuit has indicated that "[l]eave to amend should be freely given, and outright refusal to grant leave to amend without a justification . . . is considered an abuse of discretion." *United States ex rel. Adrian v. Regents of the Univ. of Cal.*, 363 F.3d 398, 403 (5th Cir. 2004). Accordingly, while the undersigned recommends that Alorica's motion to dismiss should be granted, the undersigned further recommends that dismissal be without prejudice to DeMarquis repleading his claims.

## IV.  RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that the Court **GRANT** Defendant's Motion to Dismiss (Dkt. No. 16) and **DISMISS** DeMarquis's lawsuit, but that the dismissal be without prejudice to DeMarquis filing by a deadline set by the Court an amended complaint to cure the deficiencies in his allegations regarding Alorica's status as a "debit collector" under the FDCPA or TDCA.

The Clerk is directed to remove this case from the Magistrate Judge's docket and return it to the docket of the Honorable Lee Yeakel.

## V.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are

being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(c) (2006); *Thomas v. Arn*, 474 U.S. 140, 150-153 (1985); *Lisson v. O'Hare*, 326 F. App'x 259, 260 (5th Cir. 2009).

SIGNED this 12th day of May, 2021.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE