## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| MICHAEL C. DEMARQUIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 1:20-cv-00634-LY |
| | ) | |
| ALORICA INC, | ) | |
| | ) | |
| Defendant. | ) | |

## ALORICA INC.'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendant Alorica Inc. ("Alorica"), by counsel, pursuant to Fed. R. Civ. P. 12(b)(6), hereby submits its Motion to Dismiss Plaintiff's Second Amended Complaint.

## INTRODUCTION

Plaintiff's third iteration of his complaint fares no better than the others and should be dismissed, this time with prejudice. The Magistrate Judge's Report and Recommendation (ECF No. 22), accepted and adopted by the Court (ECF No. 23), explained that Plaintiff's "threadbare" recitals of the elements of a cause of action, "supported by mere conclusory statements," do not suffice to state a claim. (Report, at 5.) Yet in his Second Amended Complaint, Plaintiff simply doubles-down, repeating the same elements and recitals that were deemed insufficient the last go around. Again, Plaintiff has failed to allege any actual facts which, if true, would establish Alorica's status as a debt collector. Instead we're left with the same labels and conclusions. Plaintiff's Second Amended Complaint should be dismissed with prejudice.

## ARGUMENT

When considering a dismissal for failure to state a claim upon which relief may be granted, the Court accepts as true "all well-pleaded facts" and views them in the light most favorable to the plaintiff. *See Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004). However, a plaintiff must allege specific facts, not conclusory allegations. *Elliott v. Foufas*, 867 F.2d 877, 881 (5th Cir. 1989). Conclusory allegations, as well as unwarranted deductions of fact, are not admitted as true. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim for relief that is *plausible* on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (emphasis added); *see also In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 678 (quoting *Twombly*). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re Katrina*, 495 F.3d at 205 (quoting *Twombly*). However, the Court need not accept as true legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678. Only those complaints which state a plausible claim for relief survive a motion to dismiss. *Id.* In making this

determination, the reviewing court must "draw on its judicial experience and common

sense." *Id.* at 679.

A.      **Plaintiff Fails to Plead Facts Which If True Would Establish That Alorica Is a Debt Collector Under the FDCPA and the TDCA.**

As the Court previously recognized, whether a defendant is a debt collector is a

threshold question for pleading a cognizable claim. *See, e.g.,* W*illiams v. Countrywide Home*

*Loans, Inc.*, 504 F. Supp. 2d 176, 190 (S.D. Tex. 2007) (the plaintiffs' claims under the

FDCPA failed because the lender defendants were not debt collectors). Under the FDCPA, a

"debt collector" refers to "any person who uses any instrumentality of interstate commerce

or the mails in any business the principal purpose of which is the collection of any debts, or

who regularly collects or attempts to collect, directly or indirectly, debts owed or due or

asserted to be owed or due another." 15 U.S.C. § 1692a(6). Under the TDCA, a "debt

collector" is one who, "directly or indirectly, engages in debt collection." Tex. Fin. Code

§392.001.

Plaintiff's Amended Complaint had simply declared that Alorica is a "debt collector"

because its "principal [business] purpose" is the "collection of debt owed or due or asserted

to be owed or due another," (Report, at 5), parroting exactly the FDCPA's statutory text.

Plaintiff's Second Amended Complaint similarly declares that Alorica is a "debt collector"

because "the principal purpose of Defendant's business is the collection of debt owed to

others." (2nd Am. Compl., ¶11.) Plaintiff then repeats that same core allegation, apparently

hoping that sheer repetition of the same formulaic recitation will be construed as somehow

asserting more "facts." (*Id.*, at ¶10 (alleging Alorica "collects debts owed to third parties").[1]

---

[1] Plaintiff's allegations under the TDCA fare no better. For instance, Plaintiff's Amended Complaint
alleged that Alorica is a "debt collector" under the TDCA because it "directly or indirectly engages in

But of course simply repeating what have already been deemed to be insufficient allegations does not somehow cure the defects. As the Report and Recommendation pointed out, pleading  standards demand much more. And missing from the Second Amended Complaint are any actual facts that could establish either that (1) Alorica's principal business purpose is the collection of debts, or (2) that it "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be due another." 15 U.S.C. § 1692a(6). Instead, we're left simply with a formulaic recitation of the language of the statute and then allegations as to Alorica's specific interactions with Plaintiff, none of which could establish Alorica's principal business purpose or what its regular business practices are.

Again, this is precisely the kind of formulaic recitation of the elements of a cause of action and bare allegations that, under *Iqbal* and *Twombly*, are insufficient to state a claim. Because Plaintiff's Second Amended Complaint—like the other iterations—offers no factual basis to infer whether Alorica is or is not a debt collector, it fails to state plausible claims under both Acts. *See Garcia v. Jenkins/Babb LLP*, 2012 WL 3847362, at *6 (N.D. Tex. July 31, 2012), *rec. adopted*, 2012 WL 3846539 (N.D. Tex. Sept. 5, 2012) (dismissing FDCPA claims after finding that the plaintiffs' recitation of the statutory language, without any facts in support, was insufficient to plausibly allege that the defendants were "debt collectors" under the Act); *Busby v. Vacation Resorts Int'l*, 2019 WL 669641 (S.D. Tex. Feb. 19, 2019) (dismissing FDCPA and TDCA claim where plaintiff only made conclusory allegation that defendant was a debt collector, with no supporting factual allegations).

---

debt collection."  (Report, at 5.) In his Second Amended Complaint, Plaintiff simply alleges that Alorica is a "debt collector" under the TDCA because it "directly or indirectly engages in the collection of consumer debts due a creditor." (2nd Am. Compl., ¶12.)

## **CONCLUSION**

For the foregoing reasons, Alorica Inc. respectfully requests that the Court enter an order dismissing Plaintiff's Second Amended Complaint with prejudice and provide any other and further relief the Court deems just and proper.

<div style="margin-left: 50%;">

Respectfully submitted,

ALORICA INC.

/s/ Matthew O. Stromquist
One of its Attorneys

</div>

Anna-Katrina S. Christakis
Matthew O. Stromquist
Pilgrim Christakis LLP
321 North Clark Street, 26th Floor
Chicago, Illinois 60654
Ph.: (312) 939-0920
Fax: (312) 939-0983
kchristakis@pilgrimchristakis.com
mstromquist@pilgrimchristakis.com

## <u>CERTIFICATE OF SERVICE</u>

Matthew O. Stromquist, an attorney, certifies that on July 26, 2021, he electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send notice of electronic filing to all attorneys of record.

/s/ Matthew O. Stromquist