# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **MICHAEL C. DEMARQUIS,** *Plaintiff* | § § § |
| v. | §  No. 1:20-CV-00634-LY |
| **ALORICA INC.,** *Defendant* | § § § § |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court is Defendant Alorica, Inc.'s Motion to Dismiss Second Amended Complaint, filed pursuant to Fed. R. Civ. P. 12(b)(6), Dkt. 25; Plaintiff's Response, Dkt. 29; and Alorica's Reply, Dkt. 30. After considering the filings of the parties, and the relevant case law, the undersigned makes the following report and recommendation.

## I.   BACKGROUND

This suit arises out of a debt collection dispute between Plaintiff Michael C. DeMarquis and Defendant Alorica, Inc. In his Second Amended Complaint, DeMarquis alleges that Credit One Bank, N.A. hired Alorica to collect on an overdue credit card debt. Dkt. 24, ¶¶ 15-27. DeMarquis alleges that beginning in September 2019, he began receiving multiple collection calls from a caller purporting to be Credit One attempting to collect on the debt, and that despite his requests to stop, the collection calls persisted. *Id.*, ¶¶ 21-23. DeMarquis subsequently initiated arbitration

1

with Credit One alleging violations of federal and state law in relation to the collection calls. *Id.*, ¶ 24. During the arbitration proceedings, Credit One informed DeMarquis that Alorica placed the complained-of calls on its behalf. *Id.*, ¶ 25. At the conclusion of the arbitration proceedings, the arbitrator entered final judgment in favor of Credit One, dismissing DeMarquis's claims with prejudice. Dkt. 16-1.

As his arbitration proceeding with Credit One drew to a close, DeMarquis sued Alorica for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq., ("FDCPA") and the Texas Debt Collection Act ("TDCA") related to the collection calls. Dkts. 1 (Original Complaint), 11 (First Amended Complaint). Alorica moved to dismiss DeMarquis's First Amended Complaint arguing (1) the arbitration award precluded DeMarquis's claim here under the doctrine of collateral estoppel, and (2) he failed to plead adequate facts establishing that Alorica is a "debt collector" under either Act. Dkt. 16, at 7-8. The Court rejected Alorica's collateral-estoppel argument, Dkt. 22, at 4, but agreed that DeMarquis had failed to adequately plead Alorica's status as a debt collector, *id.*, at 5. On that basis, the Court granted Alorica's 12(b)(6) motion, but also granted DeMarquis leave to amend his complaint to supplement his allegations regarding Alorica's alleged status as a debt collector. *Id.*, at 5-6; Dkt. 23 (Order Adopting the Report and Recommendation of the United States Magistrate Judge).

DeMarquis then amended his complaint. Dkt. 24. Regarding Alorica's status as a debt collector, the Second Amended Complaint made only three material changes. First, Demarquis added an allegation that "Defendant is a debt collection

agency that collects debts owed to third parties." *Id.*, ¶ 10. DeMarquis also amended the paragraph in which he alleges that Alorica is a debt collector under the federal statute to read "Defendant is a 'debt collector' as defined by 15 U.S.C. § 1692a(6) <u>because the principal purpose of Defendant's business is the collection of debt owed to others</u>." *Id.*, ¶ 11 (emphasis added). And he included a factual allegation that Credit One placed his debt with Alorica for collection shortly after he stopped making payments on the card. *Id.*, ¶ 19. After being served with this Second Amended Complaint, Alorica moved to dismiss it, arguing it still failed to adequately plead facts regarding Alorica's status as a debt collector under either the federal or state statute, and asking that the Court dismiss the complaint with prejudice. Dkt. 25.

## II.     LEGAL STANDARD

Pursuant to Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a 12(b)(6) motion, a "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. A court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotation marks omitted). A court may also consider documents that a defendant attaches to a motion to dismiss "if they are referred to in the plaintiff's complaint and are central to her claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). But because the court reviews only the well-pleaded facts in the complaint, it may not consider new factual allegations made outside the complaint. *Dorsey,* 540 F.3d at 338. "[A] motion to dismiss under 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).

### III.   DISCUSSION

The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal

purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The Court dismissed DeMarquis's First Amended Complaint after concluding that his factual allegations on this point were "conclusory and insufficient under Rule 12(b)(6)." Dkt. 22, at 5. In response to Alorica's motion to dismiss his Second Amended Complaint, DeMarquis argues that that he made "critical new allegations" that Alorica "a collection agency, placed collection calls to Plaintiff to collect a delinquent debt owed to Credit One" and that this remedies the shortcomings of his First Amended Complaint. Dkt. 29, at 4.

Alorica correctly points out, however, that the Second Amended Complaint still fails to make any factual allegation that Alorica is either a business (1) whose "*principal purpose* … is the collection of any debts," or (2) that "*regularly* collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6) (emphases added); *see* Dkt. 30, at 1-3. DeMarquis's myopic focus on the facts of his case ignores the language of the statute he seeks to invoke. *See, e.g.*, *Davidson v. Capital One Bank (USA), N.A.*, 797 F.3d 1309, 1317-18 (11th Cir. 2015) (affirming dismissal of amended complaint for failing to allege facts establishing defendant's status under either prong of § 1692a(6)); *Schlegel v. Wells Fargo Bank, NA*, 720 F.3d 1204, 1209-10 (9th Cir. 2013) (same). The Fifth Circuit has set out a variety of factors for courts to consider when determining whether a defendant qualifies as a debt collector under the FDCPA. *See, e.g.*, *Reyes v. Steeg Law, L.L.C.*, 760 F. App'x 285, 287 (5th Cir. 2019). While DeMarquis was not required to

plead all of these in his amended complaint, DeMarquis failed to allege *any* facts arguing that Alorica fit within either prong. Indeed, DeMarquis's Second Amended Complaint falls far short of the amended complaints whose dismissals were upheld in *Davidson* and *Schlegel*. *Compare* Dkt. 24, at 2-3, *with Davidson*, 797 F.3d at 1317-18, *and Schlegel*, 720 F.3d at 1209-10.

The Court's ruling on the previous motion to dismiss put DeMarquis on notice that his threadbare recitals of statutory language and conclusory allegations were not enough to survive Alorica's 12(b)(6) motion to dismiss. Dkt. 22, at 5. Alorica's present motion to dismiss, its reply brief, and the authority cited therein should have removed any doubt for DeMarquis regarding the pleading standard expected of him on this matter. In the face of all of this, DeMarquis has chosen to stand on his live pleading and has not asked for additional leave to amend. The minimal changes DeMarquis made in his Second Amended Complaint reflect either an inability or an unwillingness to bring his claims within the FDCPA. For all of these reasons, the undersigned recommends that the District Court dismiss DeMarquis's FDCPA claim with prejudice. *See Goldstein v. MCI WorldCom*, 340 F.3d 238, 254-55 (5th Cir. 2003) (affirming dismissal without an additional opportunity for leave to amend where plaintiff was aware of pleading deficiencies from prior order and failed to cure them).

DeMarquis's state-law claim fares no better. First, assuming the District Court follows the undersigned's recommendation and dismisses DeMarquis's federal claim, the "'general rule' is to decline to exercise jurisdiction over pendent state-law claims

when all federal claims are dismissed or otherwise eliminated from a case prior to trial." *Smith v. Amedisys Inc.*, 298 F.3d 434, 446-47 (5th Cir. 2002).

But DeMarquis's TDCA claim also fails on the merits. DeMarquis refers to the TDCA's definition "debt collector"—one who "directly or indirectly, engages in debt collection," arguing that this state-law definition is broader than the definition in the FDCPA. Dkt. 24, ¶ 12 (citing Tex. Fin. Code § 392.001(6)); Dkt. 29, at 5. As Alorica points out, however, that definition applies only to "creditors seeking to collect debts originated by them." *Whatley v. AHF Financial Services LLC*, 2012 WL 5496318, *3 (E.D. Tex. Sept. 17, 2012) (citing Tex. Fin. Code § 392.001(6)). The TDCA has a separate definition for "third-party debt collectors," *see* Tex. Fin. Code § 392.001(7), which is what DeMarquis alleges Allorica to be (despite his conclusory invocation of the more generic definition in paragraph 12 of his complaint). *See* Dkt. 24, ¶ 10 ("Defendant is a debt collection agency that collects debts owed to third parties."), ¶ 25 ("Credit One Bank disclosed that it hired 'Alorica Inc.' to collect the subject debt from Plaintiff."). The Texas Finance Code definition of a "third-party debt collector" expressly incorporates the definition found in 15 U.S.C. § 1692a(6). Tex. Fin. Code § 392.001(7). So DeMarquis's TDCA claim fails for the same reasons as his FDCPA claim. *See Busby v. Vacation Resorts Int'l*, No. CV H-18-4570, 2019 WL 669641, at *11 (S.D. Tex. Feb. 19, 2019) ("Because the Texas Act's definition of a 'third-party [debt collector]' incorporates the Federal Act's definition, the complaint does not allege facts that could show that Vacation Resorts is a third-party [debt collector].").

The undersigned, therefore, also recommends that the District Court dismiss DeMarquis's TDCA claim with prejudice.

## IV.     RECOMMENDATION

In accordance with the foregoing discussion, the undersigned **RECOMMENDS** that the District Court **GRANT** Alorica's motion, Dkt. 25, and **DISMISS** Demarquis's Second Amended Complaint, Dkt. 24, **WITH PREJUDICE**.

## V.     WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED October 28, 2021.

                                                DUSTIN M. HOWELL
                                                UNITED STATES MAGISTRATGE JUDGE